IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JOEL THROWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 125-129 |
| | ) |
| EUGENE BRANTLEY; CAPTAIN DANIELS; CAPTAIN HARRELL; CAPTAIN DANKO; LIEUTENANT COWELL; LIEUTENANT JENKINS; SERGEANT SEYMORE; SERGEANT KUNTZ; CORPORAL GIST; CORPORAL ELLISON; CORPORAL FERN; DEPUTY DAGGETT; DEPUTY GAMBLE; DEPUTY REED; DEPUTY BUSBY; GILMORE; DEPUTY GRAHAM; DEPUTY PRESCOTT; DEPUTY HARRIS; DETRA WILLIS; and RHONDA ROSS, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, detained at Charles B. Webster Detention Center in Augusta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

Upon initial review of Plaintiff's complaint, the Court was unable to determine whether Plaintiff had any viable claims due to the scant facts provided in his complaint and Plaintiff's

failure to tie his allegations to specific Defendants. (Doc. no. 6.) The Court further explained that in § 1983 lawsuits supervisory officials are not subject to liability for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. (Id.) On July 7, 2025, the Court entered an Order giving Plaintiff fourteen days to file an amended complaint to address the pleading deficiencies. (Id. at 5-7.) The Court cautioned Plaintiff that failing to timely submit an amended complaint would result in a presumption by the Court he desires to have this case voluntarily dismissed and would result in a recommendation for dismissal of this action, without prejudice. (Id. at 7.) The time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's July 7th Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654,

655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an amended complaint, or even to provide the Court with an explanation for his failure to amend his complaint, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Plaintiff that a failure to respond would be an election to have his case voluntarily dismissed. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's Order. Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of July, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA